IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES HOEVELMAN, on behalf of himself and others similarly-situated, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 4:16-cv-00149-O |
| LIVE BROADBAND, INC. AND JASON ANDERSON | § § § | Jury Demanded |
| Defendants. | § § | |

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff James Hoevelman, on behalf of himself and others similarly-situated files this Original Complaint, and states:

### I.  NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)(discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants violated the FLSA by failing to pay its workers for all hours of work at the rates required by the FLSA. Plaintiff routinely worked in excess of 40 hours per week but was not paid overtime for doing so because Defendants misclassified and improperly treated its

Technicians as independent contractors. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.     PARTIES

3.     Plaintiff James Hoevelman is an individual who was employed by Defendants within the meaning of the FLSA. Plaintiff's Consent is already on file with the Court.

4.     The Plaintiff and Class Members are Defendants' current and former workers who provided services, including satellite installments and service calls, to Defendants' clients but were classified as independent contractors ("Class Members," "Installers" or "Technicians").

5.     Defendant Live Broadband, Inc. ("Live Broadband") is a Texas corporation and may be served with process through its last known registered agent and Director, Jason Anderson, wherever he may be found pursuant to, Bus. Org. Code § 5.255 (Vernon), public publication pursuant to Fed. R. Civ. P. 5(b)(2)(d) by publishing a true and correct copy of the notification in the newspaper as provided by Tex. R. Civ. P. 106(b), or through the Secretary of State by this Court's Order .

6.     Defendant Jason Anderson ("Anderson") is an individual who may be served with process wherever he may be found.

## III.     JURISDICTION AND VENUE

7.     This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

8.     Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District and one or more of the parties reside in this district.

## IV.     COVERAGE

9.     At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

10. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.   FACTUAL ALLECATIONS

14. Defendants are involved in the business of satellite installments and live broadband services and does more than $500,000.00 per year in business.

15. Defendant Anderson was an owner or Director of Defendant Live Broadband during the period when Plaintiff was employed by Defendants and is still its known Director. In this capacity, Defendant Anderson hired or had the actual authority to hire or fire Plaintiff and Potential Plaintiffs, established or oversaw the unlawful pay scheme at issue in this suit, and is, therefore, individually and jointly responsible for the alleged violations.

16. Plaintiff was employed by Defendants during the three years prior to the filing of this

lawsuit from approximately July 1, 2013 until October 10, 2013 as a Technician.

17. During this time, Plaintiff's primary duty was the installation of satellite systems.

18. Plaintiff was misclassified by Defendants as an independent contractor. However, Plaintiff's duties made him a non-exempt "employee" under the FLSA.

19. Plaintiff did not exercise independent judgment when he performed jobs for Defendants but acted as instructed, according to a rigid schedule set by Defendants, and under Defendants' actual and pervasive control. Plaintiff's acts were an integral part of Defendants' operation.

20. As such, Defendants' compensation plan for its Technicians and Installers does not and did not provide for the proper payment of all the hours Plaintiff worked, including those overtime hours worked in excess of 40 per week. Instead, Plaintiff received a set rate for each service call that was serviced for Defendants, a fixed amount for each satellite system that he was directed to install for Defendants, and a fixed fee if he sold additional satellite equipment to the customers. Such payment was provided without regard to the total amount of compensable hours or work Plaintiff performed on Defendants' behalf.

21. Plaintiff routinely worked over 40 hours per week while employed by Defendants. In fact, Plaintiff was often required to work 80 hours or more in a given week. However, he was not paid lawfully for doing this excessive work. Defendants knew that Plaintiff worked in excess of 40 hours per week and they allowed and directed him to do so without providing proper payment for these excessive hours.

22. Plaintiff is entitled to receive overtime pay for all hours worked in excess of 40 per work week. Defendants were aware of the FLSA's overtime requirements and chose not to pay Plaintiff overtime. Consequently, Defendants' violations of the FLSA were willful.

## VI. COLLECTIVE ACTION ALLEGATIONS

23. During the period from three years prior to the filing of this suit until the filing of this

suit, Defendants employed other individuals throughout the state of Texas, whether known as Installers, Installation Technicians, Technicians, or by some other name, and failed to pay them overtime as required by the FLSA. Plaintiff and the Class Members perform(ed) the same or similar duties and were/are paid under the same pay plan that failed to pay Plaintiff time-and-a-half of their regular rates of pay for hours worked in excess of 40 in a work week. Thus, the Class Members regularly worked more than 40 hours in a workweek and did not receive overtime pay. Accordingly, the Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

24. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. Although Defendants identifies Class Members as "Installers" or "Technicians" and requires them to perform similar duties, the precise job requirements or titles of the various Class Members do not prevent collective treatment. All Class Members, regardless of their precise job title, requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

25. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

## VII.   CAUSES OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

26. During the relevant period, Defendants have violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees

in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates no less than one-and-one-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII.   RELIEF SOUGHT

27. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

    b.    For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

    c.    For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

    d.    For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

 

Respectfully submitted,

/s/ *J. Derek Braziel*_____
**J. DEREK BRAZIEL**
Attorney-in-Charge

        State Bar No. 00793380
        **J. FORESTER**
        Texas Bar No. 24087532
        **LEE & BRAZIEL, L.L.P.**
        1801 N. Lamar Street, Suite 325
        Dallas, Texas  75202
        (214) 749-1400
        (214) 749-1010 fax

        ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

Service of this amended complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

        /s/ *J. Derek Braziel*_____
        **J. DEREK BRAZIEL**